IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GS HOLISTIC LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-1506-S (BK) |
| | § | |
| GREENVILLE TX LLC D/B/A | § | |
| SMOKE CENTER AND | § | |
| IBRAHIM CHAPRA, | § | |
| DEFENDANTS, | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), *Plaintiff's Motion for Default Judgment*, Doc. 22, was referred to the undersigned magistrate judge for the issuance of findings and a recommended disposition.  Doc. 23.  Upon consideration of the relevant pleadings and applicable law, *Plaintiff's Motion for Default Judgment*, Doc. 22,  should be **DENIED**.

## I. BACKGROUND

GS Holistics ("Plaintiff") brings this civil action against Greenville TX LLC d/b/a Smoke Center and Ibrahim Chapra (collectively, "Defendants"), alleging (1) trademark counterfeiting and infringement; and (2) false designation of origin and unfair competition under the Lanham Act with respect to Plaintiff's Stündenglass branded products, such as glass infusers and accessories.

On July 7, 2023, the clerk issued a summons for each Defendant.  Doc. 7.  On October 3, 2023, and April 9, 2024, summonses were returned executed as to Greenville TX LLC and

Ibrahim Chapra, respectively. Doc. 8, 17. However, Defendants have failed to answer or otherwise appear. On May 23, 2024, the clerk entered default as to the Defendants. Doc. 19.

By the motion *sub judice*, Plaintiff now requests the entry of a default judgment, including statutory damages of $150,000 ($50,000 per mark) and costs of $402. Doc. 22 at 5. Plaintiff also seeks a permanent injunction against Defendants' allegedly infringing activities and an order requiring Defendants to turn over all infringing materials for destruction. Doc. 22 at 5.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against a defendant who fails to plead or otherwise defend against a plaintiff's claim. FED. R. CIV. P. 55. Under Rule 55(a), a default must be entered before the court may enter a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted). Accordingly, a party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted). Rather, courts have discretion to determine the appropriateness of an entry of default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Once a defendant is in default, the court accepts as true all the well-pleaded facts set forth in the complaint aside from those relating to damages. *See Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.") (citations omitted). A default judgment conclusively establishes a defendant's liability

on the merits. *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir. 1998) (citation omitted).

In failing to answer or otherwise respond to a plaintiff's complaint, a defendant admits the well-pleaded allegations of the complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). On the other hand, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). A default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. FED. R. CIV. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

Courts use a three-step analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). Step one requires the court to consider whether default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. The Court may consider: (1) whether there are disputed material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id.*

After finding that default is procedurally warranted under *Lindsey*, the court next analyzes the substantive merits of the plaintiff's claims to determine if the pleadings establish a sufficient basis for default judgment. *Nishimatsu*, 515 F.2d at 1206. The pleadings are sufficient

if they satisfy Federal Rule of Civil Procedure 8. *Wooten*, 788 F.3d at 498; *see* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

At the third step, the court determines what form of relief, if any, the plaintiff is entitled to. *United States v. Holland*, No. 3:17-CV-0938-B, 2018 WL 354542, at *2 (N.D. Tex. Jan. 10, 2018) (Boyle, J.) (citation omitted).

## III. ANALYSIS

### A.  Plaintiff has failed to meet the procedural prerequisites for entry of default judgment as to Defendants.

In support of Plaintiff's request for a default judgment against Defendants, Plaintiff's attorney submitted an affidavit in which he states: "A search of the Service members Civil Relief Act database or Department of Defense Manpower Data Center database has been completed[,] and the undersigned has learned that the Defendant is not a service member." Doc. 22-1 at 2. He further states, "[a]s such, on information and belief, Defendant is not an infant, incompetent natural persons, or a person in military service or otherwise exempted from default judgment under the Solders' and Sailors' Civil Relief Act of 1940." Doc. 22-1 at 2.

As noted, Plaintiff must establish, and the court must confirm that Defendants are not infants, incompetent persons, or persons in military service exempted from default judgment. Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931.  However, this requirement is not met as to Defendant Ibrahim Chapra.[1]  Section 3931(b)(1) of the Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking entry of a default judgment to file an affidavit "stating

---

[1] These requirements obviously do not apply to Defendant Greenville TX LLC d/b/a Smoke Center because it is a limited liability company and, thus, cannot be a minor, an incompetent person, or a current member of the military service. *See Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021).

whether or not the defendant is in military service and showing necessary facts to support the affidavit" or filing an affidavit "stating that the plaintiff is unable to determine whether or not the defendant is in military service." The SCRA's affidavit requirement "may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." 50 U.S.C. § 3931(b)(4). "[B]ecause the SCRA requires that 'facts must be set forth,' 'an affidavit made upon information and belief is insufficient' to satisfy the statute's affidavit requirement." *Sec. & Exch. Comm'n v. Baker*, No. 3:22-CV-1415-S-BH, 2023 WL 7390881, at *2 (N.D. Tex. Oct. 5, 2023) (Ramirez, J.), *rep. and rec. adopted sub nom. Sec. & Exch. Comm'n v. Bowen*, No. 3:22-CV-1415-S, 2023 WL 7389018 (N.D. Tex. Nov. 7, 2023) (Scholer, J.) (citation omitted).

Here, the affidavit of Plaintiff's attorney is made under penalty of perjury, and while based on "information and belief" and not accompanied by a certificate verifying Defendant Chapra's military status, district courts have "concluded that the proffered affidavits complied with the SCRA because the conclusion that the defendant was not a person in military service was based on a search of the SCRA database or the Department of Defense Manpower Data Center database." *GS Holistic, LLC v. Smoke Lemmon, LLC*, No. 3:23-CV-01752-L, 2025 WL 1211271, at *2 (N.D. Tex. Apr. 24, 2025) (Lindsay, J.) (citing *In re Templehoff*, 339 B.R. 49, 53-54 (S.D.N.Y. 2005)). Counsel's affidavit does not indicate that any statements are based on the affiant's personal knowledge, it is evident from the affidavit that the attorney conducted the search and, thus, has personal knowledge of the investigative efforts made in conducting the search and the results of the search. Accordingly, Plaintiff has satisfied the SCRA affidavit requirement.

However, because the attorney's affidavit is not based on personal information, and the factual basis for the attorney's statement and "information and belief" that Defendant Chapra is not an infant or incompetent natural person is not clear, this evidence by Plaintiff is insufficient to show that Defendant Chapra is not an infant or incompetent person for purposes of Rule 55(b). As previously noted, granting a default judgment is a decision that should not be undertaken lightly given the drastic nature of the remedy. *See Lewis*, 236 F.3d at 767. In addition, there are no allegations in Plaintiff's Complaint regarding Defendant Chapra's status as an infant or incompetent person. Also, Plaintiff has been previously warned of this exact defect in other motions for default judgment it has filed in this court. *See GS Holistics v. Nay Smart Invs., Inc.*, No. 3:23-CV-805-L, 2024 WL 947458, at *3 (N.D. Tex. Mar. 5, 2024); *Smoke Lemmon, LLC*, 2025 WL 1211271, at *2-3 (N.D. Tex. Apr. 24, 2025). Accordingly, all procedural requirements for entry of a default judgment as to Defendant Chapra have not been satisfied.

**B. Plaintiff's Pleadings Are Also Insufficient to Establish its Lanham Act Claims.**

Even if default judgment was procedurally warranted, Plaintiff's pleadings fail to establish a sufficient basis for default judgment. At step two, the court must examine the substantive merits of Plaintiff's claims and determine whether the pleadings establish a sufficient basis for default judgment on each. *See Nishimatsu*, 515 F.2d at 1206. Plaintiff alleges that the Defendants have committed trademark counterfeiting and infringement under 15 U.S.C. § 1114, as well as unfair competition and false designation of origin under 15 U.S.C. § 1125. Doc. 1 at 11-13.

To satisfy Federal Rule of Civil Procedure 8, Plaintiff's pleadings need only contain "a short and plain statement of the claim" showing the plaintiff's entitlement to relief. Fed. R. Civ. P. 8(a). Factual allegations need only "be enough to raise a right to relief above the speculative

6

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 497 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This low threshold is less rigorous than Rule 12(b)(6). *Wooten*, 788 F.3d at 498. While, as mentioned *supra*, Defendants, by virtue of their default, are deemed to have admitted Plaintiff's well-pled allegations, the court must nonetheless review the complaint to determine whether it established a viable claim for relief. *Nishimatsu*, 515 F.2d at 1206.

To prevail on a federal trademark infringement claim, a plaintiff must prove that "(1) [it] possess[es] a legally protectable trademark, and (2) [Defendant's] use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017) (citations omitted). "A likelihood of confusion means that confusion is not just possible, but probable." *National Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012). Incidentally, "[c]ontext is especially critical" and requires consideration of "the marks in the context that a customer perceives them in the marketplace." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004). "Prominent and pervasive use of a mark will suggest affiliation, but mere reference to a marked product will not." *Id.*

To determine if a likelihood of confusion exists, courts consider the following factors or "digits of confusion": "(1) the type of trademark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, . . . (7) any evidence of actual confusion," and "(8) the degree of care exercised by potential purchasers." *Scott Fetzer Co.*, 381 F.3d at 532 (citation omitted). The "digits" are not exhaustive, and none are dispositive. *Id.* All "digits of confusion" must be evaluated, however,

unless a defendant used the plaintiff's exact mark, as opposed to one that it was merely similar. *Paulsson Geophysical Servs. v. Sigmar*, 529 F.3d 303, 310-11 (5th Cir. 2008).

Unfair competition and false designation claims under 15 U.S.C. § 1125(a) are governed by the same standard as those for trademark infringement under federal law, which is the likelihood of confusion among consumers. *Scott Fetzer Co.*, 381 F.3d at 483. To establish a claim for federal trademark counterfeiting, a plaintiff must plead or allege sufficient facts that the defendant "committed a trademark infringement in violation of 15 U.S.C. § 1114(1)(a), and (2) intentionally used the trademark knowing it was a counterfeit, as the term is defined in 15 U.S.C. § 1116." *Springboards to Educ., Inc. v. Kipp Found.*, 325 F. Supp. 3d 704, 713 (N.D. Tex. 2018) (citation omitted). Section 1116(d) defines "counterfeit mark" as:

> (i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or
>
> (ii) a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of Title 36; but such term does not include any mark or designation used on or in connection with goods or services of which the manufacture or producer was, at the time of the manufacture or production in question authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation.

15 U.S.C. § 1116(d)(1)(B) (footnote omitted).

Here, even accepting Plaintiff's allegations as true, the court lacks sufficient information from the pleadings to determine whether a likelihood of confusion exists based on consideration of the aforementioned "digits of confusion." Plaintiff's Complaint identifies the type of trademark allegedly infringed, but little to no information regarding the remaining factors is included in its pleadings. Regarding the similarity factors, Plaintiff alleges that the products sold

by Defendants include "spurious designations that are *identical with, or substantially indistinguishable* from, the Stündenglass Trademarks." Doc. 1 at 7 (emphasis added). This allegation, however, is conclusory as it simply tracts the language of the statute.

Plaintiff also alleges that Defendants are "unlawfully selling glass infusers that have *identical, or nearly identical*, versions of the Stündenglass Marks affixed to products that are made with inferior materials and technology." Doc. 1 at 5 (emphasis added). Once again, this allegation is conclusory, and it is not supported by any facts or photographs of Plaintiff's products and the allegedly infringing counterfeit products that the court can visually compare.

In at least five recent cases brought by the same Plaintiff against smoke shops and their owners with nearly identical allegations of Lanham Act violations related to its vaping products, Plaintiff moved for entry of default judgment when defendants failed to appear. *See GS Holistic v. Muni Inv. Inc.*, Civil Action No. 3:23-cv-01174-L (N.D. Tex.), Doc. 24*; GS Holistic v. Nay Smart Invs., Inc., et al.*, Civil Action No. 3:23-cv-00805-L (N.D. Tex.), Doc. 14; *GS Holistic, LLC v. Smoke Lemmon, LLC,* Civil Action No. 3:23-cv-01752-L (N.D. Tex.), Doc. 15; *GS Holistic v. OMS Inv., LLC, d/b/a Ismoke Tobacco & Gift Shop, et al.*, Civil Action No. 3:23-cv-01024-L (N.D. Tex.), Doc. 13; *GS Holistic, LLC v. Haz Invs., LLC*, Civil Action No. 4:23-cv-00414-O (N.D. Tex.), Doc. 13. In each case, the court denied Plaintiff's motion for default judgment without prejudice or ordered additional briefing, concluding, among other things, that the underlying pleadings were "conclusory," "insufficient to establish [Plaintiff's] Lanham Act claims[,]" and "simply trac[ked] the language of the statute." *See GS Holistic v. Muni Inv. Inc., No. 3:23-CV-1174-L*, 2025 WL 2218309, at *2 (N.D. Tex. Aug. 5, 2025) (Lindsay, J.); *GS Holistic, LLC v. Smoke Lemmon, LLC*, No. 3:23-CV-01752-L, 2025 WL 1211271, at *4 (N.D. Tex. Apr. 24, 2025) (Lindsay, J.); *GS Holistics v. Nay Smart Invs., Inc.*, 2024 WL 947458, at *4

(N.D. Tex. Mar. 5, 2024) (Lindsay, J.); *GS Holistics v. OMS Inv., LLC*, 2024 WL 3092445, at *5 (N.D. Tex. June 21, 2024) (Lindsay, J.), *vacated by* 2025 WL 835457 (N.D. Tex. Mar. 17, 2025); *GS Holistic, LLC v. Haz Invs., LLC*, Civil Action No. 4:23-cv-00414-O (N.D. Tex.) (Ray, J.), Doc. 15.

Despite previously being put on notice of these deficiencies, Plaintiff's pleadings again fall short, as they fail to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Wooten*, 788 F.3d at 497 (citation omitted). Because Plaintiff's Complaint does not meet even the minimum pleading standard required to obtain a default judgment, Plaintiff's *Motion for Default Judgment*, Doc. 22, should be **DENIED**.

## C. CONCLUSION

For the reasons stated above, Plaintiff's *Motion for Default Judgment*, Doc. 22, should be **DENIED**, and Plaintiff should be **ORDERED** to file an amended complaint by a date set by the District Judge to correct the procedural and substantive deficiencies set forth above. Plaintiff also should be **ORDERED** to serve both Defendants with the amended complaint.[2]

**SO RECOMMENDED** on December 22, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] *See, e.g., GS Holistic*, 2024 WL 3092445, at *5-6 (ordering Plaintiff to replead to "correct the deficiencies," serve the defendants with the amended pleadings, and, if the defendants failed to appear, again, to "move for entry of default and file an Amended Motion for Default Judgment that cures all of the deficiencies identified" by the court).

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).